**DENIED; Opinion Filed September 23, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01158-CV

### TRAILBLAZER HEALTH ENTERPRISES, LLC AND BLUE CROSS BLUE SHIELD OF SOUTH CAROLINA, Appellants
### V.
### BOXER F2, L.P., Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-07070**

## MEMORANDUM OPINION
Before Justices FitzGerald, Lang, and Myers
Opinion by Justice Lang

The Court has before it appellants' August 22, 2013 petition for permission to appeal amended order on motions for summary judgment, allowing interlocutory appeal and staying case signed August 6, 2013; appellee's September 5, 2013 response to the petition, and appellants' September 12, 2013 reply in support of the petition. Because appellants have not shown that they meet the required standard, we **DENY** the petition.

Appellant Trailblazer Health Enterprises, LLC ("Trailblazer") and appellee Boxer F2, L.P. ("Boxer") entered into a lease agreement for which appellant Blue Cross Blue Shield of South Carolina was the guarantor. In June 2012, appellee sued appellants for a declaratory judgment and anticipatory breach of the lease. One of the issues in the case is a provision in the lease concerning early termination. Specifically, the parties disagree whether the termination of

two government contracts allowed early lease termination when the government contracts were terminated in two different fiscal years. The trial court ruled that the lease required the contracts to be terminated in the same fiscal year in order for Trailblazer to terminate the lease early. Based on this interpretation, the trial court granted partial summary judgment for Boxer and granted appellants permission to appeal the order immediately. Appellants then filed their petition with this Court. *See* Tex. R. App. P. 28.3(a).

An appeal may be taken from an otherwise unappealable interlocutory order of the trial court when the trial court gives its permission and "(1) the order to be appealed involves a controlling question of law as to which there is a substantial ground for difference of opinion; and (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West Supp. 2012). Appellants have not shown that they meet this standard. First, while the interpretation of an unambiguous contract provision is a question of law and not of fact, we do not find the interpretation of the provision at issue here to be a "controlling issue of law." Second, as appellee points out in its response, there are several other issues in the litigation; there is no evidence that the ultimate termination of the litigation would be advanced by allowing this appeal. Accordingly, we **DENY** the petition for permission to appeal.

/Douglas S. Lang/
_____
DOUGLAS S. LANG
JUSTICE

131158F.P05

–2–